# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| COREY JEMELL ROGERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:16-CV-1144 CEJ |
| | ) |
| SHAWN JENKINS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $1.50, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b). Additionally, the Court will direct the Clerk to serve process on defendant Shawn Jenkins.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**The Complaint**

Plaintiff is incarcerated in the Potosi Correctional Center. Defendants are correctional officers and classification officers. He sues them in their individual capacities.

On November 5, 2015, defendant Rachel Burns told plaintiff he was being transferred to another cell. When they arrived there, plaintiff saw that the cell was occupied by an offender who is his enemy. Both plaintiff and the other inmate informed Burns of their enemy status. Burns removed the other offender from the cell and put plaintiff in it. Plaintiff says Burns did not properly document their enemy status.

On November 12, 2015, defendants Shawn Jenkins and John Doe came to plaintiff's cell with the same inmate and told plaintiff to submit to handcuffs so that the inmate could be placed in the cell. Plaintiff and the other inmate both informed Jenkins and Doe of their enemy status. Jenkins "just laughed and stated to [plaintiff] to cuff up or he would mace [him]." Plaintiff reluctantly complied. After Jenkins and Doe left the area, plaintiff and the other inmate began to fight. Plaintiff says he suffered several injuries as a result.

Plaintiff states that defendants Gale Bollinger and Bruce Dunn "fail[ed] to take action to curb the known pattern of abuse of offenders by staff and also not doing their job making sure that the plaintiff and [his enemy] was documented enemies . . ."

**Discussion**

The Court finds that the complaint states a plausible claim for relief against defendants Jenkins and Doe. Therefore, the Court will direct the Clerk to serve Jenkins with process. The Court will not dismiss Doe at this time because his identity should be ascertainable during discovery.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) ("a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability."). Plaintiff has not alleged any facts showing that defendants Burns, Bollinger, or Dunn were directly responsible for his placement in a cell with his enemy. As a result, the claims against these defendants will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **granted**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $1.50 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his

prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

**IT IS FURTHER ORDERED** that the Clerk is directed to serve defendant Shawn Jenkins with process.

**IT IS FURTHER ORDERED** that plaintiff's second motion for leave to proceed in forma pauperis [ECF No. 7] and motion for summons [ECF No. 8] are **denied as moot**.

An order of partial dismissal will be filed separately.

Dated this 21st day of October, 2016.

*[signature]*
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

---

[1] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).